Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | Amy J. St. Eve |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5976 | **DATE** | March 4, 2003 |
| **CASE TITLE** | Mopex, Inc., et al. v. Barclays Global Investors, N.A. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

BGI's Motion to Dismiss Plaintiffs' Second Amended Complaint (doc. #44-1)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] On June 19, 2002, the Court issued an order dismissing Plaintiffs' First Amended Complaint without prejudice, and granting leave to file a Second Amended Complaint to correct certain pleading deficiencies. Defendant now moves to dismiss Plaintiffs' Second Amended Complaint as, among other things, time-barred. Because the Court agrees that Plaintiffs' claims are barred by the applicable statute of limitations, Defendant's motion to dismiss [#44-1] is **GRANTED**. All pending dates and motions are terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR – 5 2003 | |
| | Notified counsel by telephone. | | date docketed | 54 |
| ✓ | Docketing to mail notices. | | IS | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| | | | date mailed notice | |
| JHC | courtroom deputy's initials | 03 MAR -4 PM 6:31 | | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MOPEX, INC. and )
REALTIMEMUTUALFUNDS.COM CO., )
both Illinois corporations, )
)
        Plaintiffs, )
) NO. 01 C 5976
v. )
) JUDGE WILLIAM J. HIBBLER
BARCLAYS GLOBAL INVESTORS, N.A., )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs ("Mopex") initially filed this action against Barclays Global Investors ("BGI"), the American Stock Exchange, and Nathan Most, alleging misappropriation of trade secrets, breach of contract, fraud, and unfair competition, in June 2001. The parties jointly moved pursuant to 28 U.S.C. § 1404(a) for transfer of all claims, except for the ones asserted against BGI, to the Southern District of New York where a related action was pending, and the Court granted their request. Mopex's remaining claims of trade secret misappropriation and unfair competition against BGI, the parties concede, are all governed by the statute of limitations in the Illinois Trade Secret Act, 765 ILCS § 1065/1, *et. seq.* Under the Act, an action must be filed within five years after the misappropriation is discovered or "by the exercise of reasonable diligence should have been discovered." 765 ILCS § 1065/7. BGI contends that certain allegations in the Second Amended Complaint ("SAC"), together with Mopex's judicial admission, establish that the trade secret claims are time-barred, and therefore must be dismissed.

The statute of limitations is an affirmative defense that Mopex is not required to negate in its complaint. *See Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993).

In other words, Mopex need not plead facts in the SAC to show that its claim is timely. However, it is well settled that if the SAC reveals on its face that Mopex's claim is barred by a statute of limitations, then dismissal is appropriate because Mopex has pleaded itself out of court. *Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 670 (7th Cir. 1998); *Tregenza*, 12 F.3d at 719. Since Mopex did not file this lawsuit until June 21, 2001, its trade secret claims will be deemed untimely if they should have been discovered on or before June 21, 1996.

In the SAC, Mopex alleges that "[o]n or about March 18, 1996, the WEBS ["World Equity Benchmark Shares"] products were first listed and traded on the Amex." (Compl. ¶ 24). However, Mopex disputes that it should have known of the misappropriation cause of action at that time. Rather, Mopex contends, it could not have discovered that its trade secrets had been misappropriated until certain aspects of the WEBS' structure were published. Mopex maintains that publication did not occur until at the earliest June 27, 1996. Consequently, Mopex argues, its trade secret claims are timely. The Court is not entirely convinced that the allegation as to when the WEBS products began trading publicly, standing alone, is a fact that establishes Mopex knew or should have known in March 1996 of the alleged misappropriation. However, BGI asks the Court to consider that allegation in conjunction with Mopex's statements in the New York case with respect to the statute of limitations.

In proceedings before the New York court, the parties briefed the question of whether the three year statute of limitations under New York law, or the five year statute of limitations under Illinois law, applied. The gist of Mopex's misappropriation claim was that BGI, AMEX and Most wrongfully incorporated Mopex's trade secrets into a WEBS product that was publicly traded on the American Stock Exchange. In response to the argument that its trade secret claims were

barred under both New York and Illinois law, Mopex represented that "[it] could not have known of the misappropriation of its trade secrets until November of 1996 **when the AMEX introduced the WEBS on its exchange and which embodied [its] trade secrets.**" (Mopex' Mem. of Law in Opp. to AMEX' and Nathan Most's Motion to Dismiss Mopex' Claims That Are Being Transferred to this Court from the Northern Dist. of Illinois, at A-2) (emphasis added). Mopex urged the New York court to apply Illinois law and find its claims timely in light of the public introduction of the WEBS products in November 1996.

But after Mopex discovered that the WEBS products had actually begun trading as early as March 1996, it changed its tune, representing instead that "the first disclosures of certain aspects of the WEBS' structure, and of which Mopex arguably should have known, were two articles published in *The Wall Street Journal*, the earlier of which was published on June 27, 1996." (Letter to Judge Scheindlin in the Southern District of New York, dated Dec. 4, 2001). The district court ultimately concluded that New York law applied. As such, Mopex's trade secret claims were clearly time-barred.

BGI contends that Mopex's representation that it should have known of the alleged misappropriation when the WEBS products went public constitutes a binding judicial admission. "Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them." *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995). It is within the Court's discretion "to consider statements of fact contained in a brief to be judicial admissions." *Clark v. Robert W. Baird Co., Inc.*, 152 F. Supp. 2d 1040, 1044 n.2 (N.D. Ill. 2001). *See e.g., Chow v. Aegis Mortgage Corp.*, 185 F. Supp.2d 914, 916 (N.D. Ill. 2002) (treating a concession in a motion to dismiss as a judicial admission). Judicial

-3-

admissions "have the effect of withdrawing a fact from contention... [and are] conclusive, unless the court allows [them] to be withdrawn." *Keller*, 58 F.3d at 1199 n.8 (citation omitted). *See also McCaskill v. SCI Mgmt. Corp.*, 298 F.3d 677, 681-82 (7th Cir. 2002) (Rovner, J., concurring).

Mopex argues that its statement should not be treated as an "admission" given its subsequent representation in an amended pleading that the misappropriation could not have been discovered until it actually learned of the WEBS' structure. However, the Court finds that Mopex's initial statement constituted a "deliberate, clear, and unambiguous statement evincing an intentional waiver that has been held sufficient to constitute a judicial admission." *McCaskill*, 298 F.3d at 682 (Rovner, J., concurring). Mopex affirmatively identified the date the WEBS products began trading publicly as the relevant benchmark for statute of limitations purposes. That Mopex incorrectly believed that date to be November 1996, rather than March 1996, does not change the fact that it conceded an awareness that it should have known of its misappropriation claims once the WEBS products were publicly introduced on the Amex.

Furthermore, while the Court may in its discretion relieve Mopex of its judicial admission, *see Solon v. Gary Cmty. Sch. Corp.*, 180 F.3d 844, 858 (7th Cir. 1999), and thus consider Mopex's subsequent representation that its duty to inquire was not triggered until some later date, Mopex has not demonstrated that such relief is warranted. Indeed, it would be appropriate to allow the withdrawal of a judicial admission where "it appears that the admitted fact is clearly untrue and that the party was laboring under a mistake when he made the admission." *McCaskill*, 298 F.3d at 683 (Rovner, J., concurring), *quoting New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 24 (4th Cir. 1963). Mopex has shown that the November 1996 date it identified was incorrect, but Mopex has not established any mistaken belief on its part that the triggering event for discovering

-4-

the misappropriation claims was "**when the AMEX introduced the WEBS on its exchange which embodied Mopex's trade secrets.**" Mopex only offered the alternative theory, i.e., that its claims did not accrue until the publication of *The Wall Street Journal* article delineating the WEBS structure on June 27, 1996, after realizing that the consequence of its first admission was that its trade secret claims were barred under not only New York law, but also Illinois law.

As such, the Court concludes that Mopex is bound by its judicial admission that it should have discovered the misappropriation claims when the WEBS products began publicly trading. Because the SAC on its face identifies that date as March 18, 1996, and Mopex's claims were not filed until June 21, 2001, they are barred by the applicable five year statute of limitations.[1]

Accordingly, this case is dismissed with prejudice.

**IT IS SO ORDERED.**

> AMY J. ST. EVE, DISTRICT JUDGE

DATED: March 4, 2003

---

[1] In reaching this determination, the Court has not relied upon any of the documents submitted by BGI, to which Mopex has objected.